UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JESKICA NEWLAND, ) | |

JESSICA NEWLAND,                                    )
Administrator of the                                )
ESTATE OF PREZLIE NEWLAND,           )
JESSICA NEWLAND, Individually, and  )
PHILIP NEWLAND,                              )
                Plaintiffs,           )
                            )
              v.                          )   Civil Action No. _____
                            )
NORTH COUNTRY HEALTHCARE, INC.,       )
d/b/a LITTLETON HOSPITAL ASSOCIATION, )
LITTLETON REGIONAL HEALTHCARE, and  )
NORTH COUNTRY WOMEN'S HEALTH,        )
                Defendants.          )

## COMPLAINT
### With Demand for Trial by Jury

**The Parties**

1. Plaintiff Jessica Newland is a resident of Vermont and the duly appointed administrator of the estate of her deceased daughter Prezlie Newland.

2. Plaintiff Philip Newland is a resident of Vermont, the husband of Jessica Newland and the father of Prezlie Newland.

3. North Country Healthcare, Inc. is a business organization organized and existing under the laws of New Hampshire. It has its principal place of business in New Hampshire. It is the sole corporate member of Littleton Hospital Association.

4. Littleton Hospital Association is a business organization organized and existing under the laws of New Hampshire, has its principal place of business in New Hampshire, and does business as Littleton Regional Healthcare, Littleton Regional Hospital and North

Plante &
Hanley, P.C.

P0113971.1                          Page 1 of 8

Country Women's Health.

## Jurisdiction and Venue

5. Pursuant to 28 U.S.C. § 1332, this court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy is in excess of the jurisdictional minimum of $75,000.

6. This court is the proper venue because the acts and omissions which give rise to this litigation took place in New Hampshire.

## The Facts

7. Jessica Newland became pregnant by Philip Newland in March 2015.

8. Mrs. Newland became a patient of North Country Women's Health no later than May 19, 2015.

9. Throughout her pregnancy, Mrs. Newland had regular pre-natal visits at North Country Women's Health.

10. Mrs. Newland had an ultrasound at Littleton Regional Hospital on June 18, 2015. According to employees of the defendants, this ultrasound showed that Mrs. Newland's due date was December 18, 2015.

11. Mrs. Newland had an ultrasound at Littleton Regional Hospital on November 30, 2015. According to employees of the defendants, this ultrasound showed fetal macrosomia, a baby significantly larger than average. Medical providers employed by the defendants estimated that the fetal weight was 5303 grams (11.67 pounds).

12. Mrs. Newland had contractions on December 13, 2015 and went to Littleton Regional Hospital. Providers employed by the defendants sent her home.

13. Mrs. Newland went to the Littleton Regional Hospital on December 14, 2015. Medical providers employed by the defendants decided that the next day they would ripen the cervix and "watch carefully how her labor progresses and if there are any issues that seem related to dystocia [abnormal fetal size or position resulting in difficult delivery] ... [and to] have a low threshold to proceed with cesarean delivery."

14. Accompanied by Mr. Newland, at 7:55 a.m. on December 15, 2015, Mrs. Newland arrived at the Littleton Regional Hospital.

15. Mr. Newland remained at Mrs. Newland's side throughout the course of her labor and delivery.

16. Medical providers employed by the defendants gave Mrs. Newland a drug to ripen her cervix and, later in the day, another drug to induce labor.

17. At 2:40 p.m. on December 15, 2015, Mrs. Newland's water broke.

18. At 7:39 p.m. on December 15, 2015, Mrs. Newland's cervix was completely dilated.

19. At 9:29 p.m. on December 15, 2015, employees of the defendants delivered Prezlie's head.

20. Because of dystocia, Prezlie remained trapped in her mother's birth canal.

21. An employee of the defendants gave Mrs. Newland an episiotomy, an incision in the perineum, from the vaginal opening to the anus.

22. At this point, an employee of the defendants was able to deliver the baby's left arm.

23. After the passage of more time, an employee of the defendants was able to deliver both of Prezlie's shoulders past the pubic bone.

24. At this point, employees of the defendants had difficulty completing the baby's

Plante & Hanley, P.C.

delivery.

25. At 9:41 p.m. on December 15, 2015, the employees of the defendants were able to complete Prezlie's delivery.

26. Approximately twelve minutes passed from the time employees of the defendants delivered Prezlie's head until the time they completed her delivery.

27. At birth, Prezlie's weighed 6039 grams (13 pounds, 4.9 ounces) and was limp and non-responsive. Her APGARs were 0 at one minute of life, 0 at five minutes of life and 0 at 10 minutes of life. (APGAR scores quickly summarizes the health of newborn children. Scores range from 0 to 10. Scores 3 and below are critically low.)

28. Employees of the defendants intubated and attempted to resuscitate Prezlie.

29. A pediatrician employed by the defendants arrived in the delivery room at eight minutes of life.

30. At about 17 minutes of life, the defendants' employees stopped attempting to resuscitate Prezlie.

31. An employee of the defendants gave the baby to her mother.

32. Prezlie gasped when given to her mother.

33. Employees of the defendants detected a heart beat and re-intubated Prezlie.

34. An ambulance transported Prezlie to Dartmouth-Hitchcock Medical Center in Lebanon, New Hampshire.

35. Mrs. Newland, who had lost a great deal of blood and had sustained significant bodily injury during the delivery, was transported by ambulance to Dartmouth-Hitchcock to be with her daughter.

Plante & Hanley, P.C.

36. Upon admission to Dartmouth-Hitchcock, Prezlie was critically ill.

37. By December 17, 2015, Prezlie was having progressive seizures.

38. At approximately 5:00 p.m. on December 18, 2015, Prezlie's providers at Dartmouth-Hitchcock told her parents she would not survive.

39. Shortly thereafter, various members of her family held Prezlie.

40. At approximately 7:50 p.m. on December 18, 2015, Dartmouth-Hitchcock providers gave Prezlie morphine and removed her endotracheal tube.

41. In the minutes that followed, Prezlie made no efforts to breathe. Her mother continued to hold her.

42. At 8:10 p.m. on December 18 2015, Prezlie had no heart beat and was pronounced dead.

## COUNT I
## MEDICAL NEGLIGENCE
## SURVIVAL AND WRONGFUL DEATH
## ESTATE OF PREZLIE NEWLAND
NH ST § 556:12, NH ST § 556:9, *et seq.*, NH ST § 507-E:2

43. The agents and employees of the defendants while acting within the scope of their employment deviated from the standard of care for similarly situated medical professionals.

44. As a direct and proximate result of these deviations from the standard of care, Prezlie Newland sustained physical injury, suffered extreme emotional distress, endured great pain and suffering, sustained economic loss, died, and lost the enjoyment of life.

Plante & Hanley, P.C.

**COUNT II**
**MEDICAL NEGLIGENCE**
**JESSICA NEWLAND**
**NH ST § 507-E:2**

45. Plaintiffs restate paragraphs 1 through 42.

46. The agents and employees of the defendants while acting within the scope of their employment deviated from the standard of care for similarly situated medical professionals.

47. As a direct and proximate result of these deviations from the standard of care, Jessica Newland sustained physical injury, suffered extreme emotional distress, endured great pain and suffering and sustained economic loss.

**COUNT III**
**LACK OF INFORMED CONSENT**
**JESSICA NEWLAND**
**NH ST § 507-E:2**

48. Plaintiffs restate paragraphs 1 through 42.

49. The agents and employees of defendants, while acting within the scope of their employment, did not supply Mrs. Newland with the type of information that would have been given to a patient in Mrs. Newland's position by other competent medical care providers.

50. But for this lack of informed consent, Mrs. Newland would have undergone a different course of medical care and treatment.

51. As a direct and proximate result of the lack of informed consent, Mrs. Newland sustained physical injury, suffered extreme emotional distress, endured pain and suffering and sustained economic loss.

Plante & Hanley, P.C.

P0113984.0006.0008

### COUNT IV
### LOSS OF FAMILIAL RELATIONSHIP
### JESSICA NEWLAND
### NH ST § 556:12 (III)

52. Plaintiffs restate paragraphs 1 through 42.

53. As a direct and proximate result of the negligence of the defendants' agents and employees while acting within the scope of their employment, Mrs. Newland lost her familial relationship with Prezlie.

### COUNT V
### LOSS OF FAMILIAL RELATIONSHIP
### PHILIP NEWLAND
### NH ST § 556:12 (III)

54. Plaintiffs restate paragraphs 1 through 42.

55. As a direct and proximate result of the negligence of the defendants' agents and employees while acting within the scope of their employment, Philip Newland lost his familial relationship with Prezlie.

### COUNT VI
### NEGLIGENT INFLICTION OF EXTREME EMOTIONAL DISTRESS
### JESSICA NEWLAND

56. Plaintiffs restate paragraphs 1 through 42.

57. As a direct and proximate result of deviations from the standard of care by the defendants' agents and employees while acting within the scope of their employment, Mrs. Newland suffered extreme emotional distress.

### COUNT VII
### NEGLIGENT INFLICTION OF EXTREME EMOTIONAL DISTRESS
### PHILIP NEWLAND

58. Plaintiffs restate paragraphs 1 through 42.

Plante & Hanley, P.C.

59. As a direct and proximate result of deviations from the standard of care by the defendants' agents and employees while acting within the scope of their employment, Mr. Newland suffered extreme emotional distress.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

**PLAINTIFFS SEEK THE IMPOSITION OF ENHANCED COMPENSATORY DAMAGES.**

**WHEREFORE**, Jessica Newland, in her capacity as the administrator of the Estate of Prezlie Newland, Jessica Newland, individually, and Philip Newland demand full, just and adequate compensation and such other relief as is just and equitable.

**PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL COUNTS.**

**PLAINTIFFS SEEKS THE IMPOSITION OF ENHANCED COMPENSATORY DAMAGES ON ALL COUNTS.**

Dated: December 29, 2016

        JESSICA NEWLAND,
        Administrator of the
        ESTATE OF PREZLIE NEWLAND,
        JESSICA NEWLAND, Individually, and
        PHILIP NEWLAND

By: /s/ Michael F. Hanley
        Michael F. Hanley
        New Hampshire Bar No. 15551
        Plante & Hanley, P.C.
        82 Fogg Farm Road
        Post Office Box 708
        White River Junction, VT 05001-0708
        (802) 295 - 3151 Ext. 102 (Telephone)
        (802) 295 - 5281 (Facsimile)
        MFHanley@PlanteHanley.Com

Plante & Hanley, P.C.